IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVE ROMANSKY,)
)
      Plaintiff,)
)
vs)   Civil Action No. 18-1654
)
MARGARET M. GORGAN and JOHN WETZEL,)
)   Magistrate Judge Dodge
      Defendants.)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Steve Romansky, a prisoner at the State Correctional Institution in Greene, Pennsylvania (SCI Greene), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, Margaret M. Gorgan (the clinical dietician at SCI Greene) and John Wetzel (Secretary of the Pennsylvania Department of Corrections (DOC)).

Plaintiff asserts a claim under the Eighth Amendment to the United States Constitution. According to his Complaint, Defendant Gorgan "refused to investigate and correct my calorie-deficient diet which a caused a weight loss of more than seventy pounds." He further alleges that Defendant Wetzel was made aware of this issue but refused to investigate or correct it. Plaintiff states that this conduct occurred starting on March 31, 2015 "and continuing." He claims that he suffers from dizziness, major energy loss, extreme difficulty in concentration and other medical issues. (Compl. § IV(C).)

On May 24, 2019, Defendants filed a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted (ECF No. 16). Specifically, their motion argues that Plaintiff's claims against both defendants are barred by applicable statute of limitations because his complaints about his diet date back to March 31, 2015. Defendants further contend that

Plaintiff fails to state a claim against Defendant Wetzel because he was named only in his supervisory role and was not alleged to have any actual involvement in the actions underlying the complaint.[1]

On September 24, 2019, Plaintiff filed a response to the Court's order (ECF No. 30). In his response, Plaintiff indicates that he cannot obtain copies from the prison library and that he has eye problems which make it difficult for him to read. Nevertheless, he also states that "my suffering started on March 31, 2015 when I was placed in the RHU and my calorie deficient diet continued until January 22, 2019 when I was released from the RHU and I'm still suffering the side effects of this deficient diet." (ECF No. 30 at 2.) Thus, despite the issues that were raised by Plaintiff in this response, the Court concludes that it can reach the merits of Defendants' motion to dismiss at this time.

Under the Federal Rules of Civil Procedure, a statute of limitations defense must be raised in the answer, since Rule 12(b) does not permit such a defense to be raised by motion. *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). As the court in *Robinson* explained, however, a limitations defense can be raised by a motion under Rule 12(b)(6), "but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* at 135. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.*

Because Congress did not establish a statute of limitations for civil rights claims, federal

---

[1] Consideration of Defendants' motion was delayed while the case was stayed at Plaintiff's request because he indicated that he would be undergoing medical treatment. The stay was lifted on September 10, 2019 (ECF No. 29). Plaintiff was directed to respond to the motion to dismiss by October 10, 2019 or to notify the Court that he could not respond to the motion and the reasons he could not do so.

2

courts "borrow" state statutes of limitations governing analogous causes of action. *Wilson v. Garcia*, 471 U.S. 262, 276 (1985) (for claims brought under 42 U.S.C. § 1983). Under Pennsylvania law, the statute of limitations for personal injuries is two years, 42 Pa. C.S. § 5524(2), and that statute is applied to § 1983 claims. *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).

The date of accrual in a § 1983 action is determined by federal law. A cause of action accrues "when the plaintiff knew or should have known of the injury upon which the action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). However, under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Montanez v. Secretary Pa. Dep't of Corrections*, 773 F.3d 472, 481 (3d Cir. 2014) (quoting *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001)).

As noted, Defendants argue that Plaintiff's claim is untimely because it was not filed within two years of March 31, 2015, when he alleges that the events underlying his claim first occurred. Plaintiff alleges in his Complaint, however, that the complained-of activity was "continuing."

This action was commenced on December 10, 2018, when Plaintiff handed his Complaint to prison officials, *Houston v. Lack*, 487 U.S. 266, 271 (1988) and is deemed filed as of that date.[2] Viewing Plaintiff's allegations liberally because he is a pro se litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he has alleged a continuing pattern of conduct since March of 2015.[3] Whether Plaintiff can sustain a claim of a continuing violation cannot be determined on the present record.

---

[2] The motion to proceed in *forma pauperis* and attached Complaint were received by the Court and docketed on December 13, 2018.

[3] While the statements in his Response cannot be considered for purposes of a motion to dismiss, the Court notes that Plaintiff contends that the purportedly deficient diet continued until January 22, 2019, when he was released from the RHU.

3

*See Hardin v. Aramark Food Servs. Corp.*, 2017 WL 1658812, at *4 (C.D. Ill. May 1, 2017) (when plaintiff alleged that defendants continued to refuse his request to revise his diabetic diet, their motion for summary judgment as to the timeliness of this claim was denied); *Crichlow v. Fischer*, 2017 WL 920753, at *4 (W.D.N.Y. Mar. 7, 2017) (prisoner alleged ongoing deprivations of adequate food and access to showers and laundry which could not be dismissed based on the statute of limitations). Therefore, it cannot be determined at this stage if the statute of limitations bars Plaintiff's claims.

Defendants' second argument is that Plaintiff does not allege "personal involvement" by Secretary Wetzel. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quotation omitted), and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved,' *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000)." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff alleges, however, that Secretary Wetzel was made aware of Plaintiff's deficient diet but refused to investigate and correct the situation. Again, construing the pleadings liberally in Plaintiff's favor, he claims that Secretary Wetzel knew about his deficient diet but refused to investigate or correct it. As a result, this claim cannot be resolved at the pleadings stage and the motion to dismiss will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVE ROMANSKY,

    Plaintiff,

vs

MARGARET M. GORGAN and JOHN WETZEL,

    Defendants.

Civil Action No. 18-1654

Magistrate Judge Dodge

## ORDER

AND NOW, this 7th day of October, 2019, it is hereby ordered that Defendants' motion to dismiss is denied.

Defendants shall file an Answer to the Complaint by October 21, 2019.

BY THE COURT:

_____
PATRICIA L. DODGE
United States Magistrate Judge

cc: Steve Romansky
AY-8324
SCI Greene
175 Progress Drive
Waynesburg, PA 15370